

**U.S. Department of Justice**

United States Attorney
District of New Jersey
*Civil Division*

---

CRAIG CARPENITO
UNITED STATES ATTORNEY

*David E. Dauenheimer*
*Assistant United States Attorney*
*Deputy Chief, Civil Division*

*970 Broad Street, Suite 700*
*Newark, NJ 07102*
*david.dauenheimer2@usdoj.gov*

main: (973) 645-2700
direct:(973) 645-2925
fax:   (973) 297-2010

February 9, 2018

**VIA ECF**
Honorable Kevin McNulty
United States District Judge
U.S. Post Office & Courthouse
Federal Square
Newark, New Jersey 07101

   Re: *Ravidath Ragbir v. United States of America*,
     Civil Action No. 2:17-cv-1256 (KM)

Dear Judge McNulty:

  During the hearing today, your Honor asked whether any cases had addressed a district court's power to stay removal pending disposition of a habeas corpus petition challenging a criminal conviction. In *Tejada v. Cabral*, 424 F. Supp. 2d 296 (D. Mass 2006), Judge William G. Young, U.S.D.J., faced just that scenario. There, an alien with a final order of removal collaterally attacked his conviction under 28 U.S.C. § 2254 claiming ineffective assistance of counsel. *Id*. at 297. He further requested a stay of removal pending resolution of his § 2254 motion. *Id*. Judge Young noted that, although the REAL ID Act did not strip the court of jurisdiction over the § 2254 motion, "[o]ne thing" the Act "certainly did do . . . was emphatically to declare that this Court was not in any way to impede orders of removal." *Id*. at 298. Judge Young therefore held that the REAL ID Act "stripped this Court of its jurisdiction" to issue a stay of removal. *Id*.

  Other districts courts are in accord. *See Blumenberg v. Nash*, No. CIV.A. 05-5315 (NLH), 2006 WL 2352527, at *5 (D.N.J. Aug. 14, 2006) (holding the court had no authority or jurisdiction to stay removal proceedings pending disposition of a § 2255 motion); *Watson v. Stone*, No. 4:13-CV-480 CDL, 2013 WL 6072894, at *2 (M.D. Ga. Nov. 18, 2013) (finding REAL ID Act strips district courts of jurisdiction to stay removal); *Lage v. Chapdelaine*, No. 3:10–cv–1030, 2010 WL 4688820, at *4

(D. Conn. Nov. 10.2010) ("The Real ID Act of 2005 not only strips district courts of the power to review final orders of removal, but it also precludes district courts from staying orders of deportation or removal."); *Eisa v. Immigration & Customs Enforcement*, No. 08–civ–6204, 2008 WL 4223618, at *4 (S.D.N.Y. Sept.11, 2008) (finding that the court lacked jurisdiction to grant petitioner a stay of removal); *Wilfort v. Gonzales*, No. 07–0350–CG–C, 2007 WL 2220461, at *2 (S.D. Ala. Jul.27, 2007) (same).

The Government appreciates the Court's preference for focusing on the jurisdictional issues concerning the motion for a stay of removal. Should the Court wish to hear argument on the merits or likelihood of success of the *coram nobis* (literally, "before us" or "in our presence") petition, the United States is available at the Court's convenience.

Respectfully submitted,

CRAIG CARPENITO
United States Attorney

By:    *s/ David E. Dauenheimer*
     DAVID E. DAUENHEIMER
     Assistant United States Attorney

cc:    R. Scott Thompson, counsel for Petitioner (via ECF)