**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| **RAVIDATH RAGBIR,** | |
| **Petitioner,** | No. 2:17-cv-1256-KM |
| **vs.** | |
| **UNITED STATES OF AMERICA,** | **MEMORANDUM OPINION and ORDER** |
| **Respondent.** | |

Before this Court is a motion (ECF No. 30) by petitioner Ravidath Ragbir for an Order sealing Exhibit A to his February 2, 2018 reply memorandum, the Declaration of Dr. Allen Keller (ECF No. 29, Exh. A). The respondent, the United States, did not file an opposition to the motion.

For the reasons stated herein, the motion is granted.

## I. Background

In February 2017, Mr. Ragbir filed a petition for a writ of *coram nobis*, seeking to vacate his 2001 conviction for wire fraud and conspiracy (or alternatively, modify his sentence). (ECF No. 1).[1]

Originally from Trinidad and Tobago, Mr. Ragbir was admitted to the United States as a lawful permanent resident in February 1994. (Gov't Ex. 1). In November 2000, he was convicted of wire fraud and conspiracy, and sentenced to 30 months' imprisonment. (Gov't Ex. 2; Castle Cert. ¶¶ 5–6). On the basis of his conviction of that aggravated felony, in August 2006 he was ordered removed from the United States. (Gov't Ex. 1; Castle Cert. ¶¶ 7–8). He was granted multiple stays of removal, but on January 11, 2018, was detained in anticipation of removal. On that same date, Mr. Ragbir filed a motion for an order to show cause for an emergency stay of removal while this Court

---

[1]     Familiarity with the background of this matter is assumed.

considered his petition. (ECF No. 15). Thereafter, this Court issued an order to show cause ordering the Government to show cause as to why Mr. Ragbir's application for an emergency stay of removal should not be granted. (ECF No. 16).

On January 23, 2018, the Government filed its opposition (ECF No. 22), and one week later, on January 30, 2018, it filed a letter apprising the Court of recent decisions. (ECF No. 27).

On February 2, 2018, Mr. Ragbir filed a reply. (ECF No. 28). In support of his argument that he faced irreparable harm in the absence of a stay, Mr. Ragbir filed (under temporary seal) Exhibit A, the Declaration of Dr. Allen Keller. (ECF No. 29, Exh. A). Dr. Keller is an internist and tenured Associate Professor of Medicine who is the co-founder and Director of the Bellevue/NYU Program for Survivors of Torture. (*Id.* at ¶¶ 1-2). Dr. Keller conducted a clinical evaluation of Mr. Ragbir on January 28, 2018. (*Id.* at ¶ 2). This evaluation assessed Mr. Ragbir's "physical, mental, and overall health" and included, in part, a review of Mr. Ragbir's medical history, a physical examination, and a mental status examination. (*Id.* at ¶ 14). Dr. Keller's findings are set forth in his Declaration. (*Id.* at ¶¶ 12, 16-55).

Mr. Ragbir filed a motion to seal the Declaration. (ECF No. 30). In support of his motion, he submitted the certification of his counsel. (Thompson Cert.) The motion is unopposed.

## II. Discussion

"It is well-settled that there exists, in both criminal and civil cases, a common law public right of access to judicial proceedings and records." *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001) (citation omitted). When a party files a motion to seal, he or she must demonstrate that "good cause" exists for protection of the material at issue. *E.E.O.C. v. Kronos Inc.*, 620 F.3d 287, 302 (3d Cir. 2010) (citing *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 785-86 (3d Cir. 1994) ). "Good cause is established on a showing that

disclosure will work a clearly defined and serious injury to the party seeking closure. The injury must be shown with specificity." *Pansy*, 23 F.3d at 786 (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984) ).

Accordingly, Local Civil Rule 5.3(c)(3) requires that a motion to seal describe "with particularity": (a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest which warrant the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; (d) why a less restrictive alternative to the relief sought is not available; (e) any prior order sealing the same materials in the pending action; and (f) the identity of any party or nonparty known to be objecting to the sealing request.

The party seeking the order, here, Mr. Ragbir, has the burden of demonstrating that there is good cause to seal the document. *Pansy*, 23 F.3d at 786-87.

Mr. Ragbir asserts that he has a legitimate private interest in keeping his medical and psychological evaluation out of the public record. (Thompson Cert. ¶ 3). He emphasizes that he is a nationally-recognized immigrant-rights activist who will suffer "serious injury, including continuing trauma," if his personal medical and psychological history is released into the public record. (*Id.*) Mr. Ragbir further points out that, because the subject matter of the document is confined to medical matters, selective redaction is impractical. (*Id.*)

I agree with Mr. Ragbir and find that there is good cause to seal Dr. Keller's Declaration. It contains Mr. Ragbir's private health information. Mr. Ragbir has a legitimate interest in maintaining privacy as to such information. *See Doe v. Delie*, 257 F.3d 309, 315 (3d Cir. 2001) (recognizing the important privacy interest in one's medical records). The public interest in disclosure is not great, because this medical information, at least thus far, has not been central to the merits of the controversy or even to the stay application. Mr. Ragbir has also sufficiently set forth the injury that would result if the Declaration is disclosed to the public—namely, that his privacy rights will be

irreparably harmed and he will suffer continuing trauma. No prior order is relevant either way, and no objection has been filed. Finally, I find that there is no practical less restrictive alternative to sealing.

Thus, the Court finds that the relevant factors enunciated in Local Civil Rule 5.2(c)(3) weigh in favor of sealing the Declaration of Dr. Keller. Mr. Ragbir's motion to seal is granted.

## ORDER

**ACCORDINGLY, IT IS** this 20th day of August, 2018,

**ORDERED** that petitioner's motion (ECF No. 30) to seal is granted. The Declaration of Dr. Keller (ECF No. 29) is hereby ordered **SEALED.**

**KEVIN MCNULTY**
**United States District Judge**